IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| LEOPOLDO REA GAMON, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | Jury Trial Demanded |
| | : | |
| RESCOM OF GEORGIA, LLC | : | |
| and MARK STREIFERT, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Leopoldo Rea Gamon ("Gamon"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Rescom of Georgia, LLC ("Rescom") and Mark Streifert ("Streifert") as follows:

## 1. INTRODUCTION

1.

This is an FLSA case. Plaintiff brings this action because Defendants 1) failed to pay him an overtime premium for all hours he worked in excess of 40 hours in each work week, 2) failed to reimburse him for work related expenses, 3) threatened him with prosecution and 4) effectively terminated him when he sought the wages that were due to him.

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

2. **JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Gamon's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Rescom is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

3. **THE PARTIES**

6.

Gamon resides in DeKalb County, Georgia.

7.

Rescom employed Gamon as a Lead Man and laborer in and around Georgia from November 2014 until July 3, 2015.

8.

At all times material hereto, Gamon was an "employee" of Rescom as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about November 2014 until July 3, 2015, Gamon was "engaged in commerce" as an employee of Rescom as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

At all times material hereto, Rescom was an "employer" of Gamon as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

Rescom is a corporation organized under the laws of the State of Wyoming.

12.

At all times material hereto, Rescom has been authorized to conduct business in the State of Georgia.

13.

Rescom is subject to the personal jurisdiction of this Court.

14.

Rescom may be served with process through its registered agent Mark Streifert located at 1220 Nathan Boulevard, Suite A, Loganville, Georgia 30052.

15.

From on or about November 2014 until July 3, 2015, Rescom was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

During 2014, Rescom had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2015, Rescom had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During the Relevant Time Period, two or more of Defendant's employees handled the following materials that moved in interstate commerce: vehicles, gasoline, diesel, construction material, computers, cell phones and construction tools.

19.

During 2014, Rescom had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2015, Rescom had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2014, Rescom  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Rescom  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, Rescom was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

24.

Streifert resides within Walton County, Georgia.

25.

At all times material hereto, Streifert exercised operational control over the work activities of Gamon.

26.

At all times material hereto, Streifert was involved in the day to day operation of the Rescom job locations in which Gamon worked.

27.

At all times material hereto, Rescom vested Streifert with supervisory authority over Gamon.

28.

At all times material hereto, Streifert exercised supervisory authority over Gamon.

29.

At all times material hereto, Streifert scheduled Gamon's working hours or supervised the scheduling of Plaintiff's working hours.

30.

At all times material hereto, Streifert exercised authority and supervision over Gamon's compensation.

31.

At all times material hereto, Streifert has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

32.

Streifert is subject to the personal jurisdiction of this Court.

33.

Streifert may be served with process at 1220 Nathan Boulevard, Suite A, Loganville, Georgia 30052.

34.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

35.

At all times material hereto, Rescom did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

36.

At all times material hereto, Rescom did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, Rescom did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

38.

At all times material hereto, Rescom did not employ Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

39.

At all times material hereto, Rescom was in the business of remodeling commercial buildings for companies including, but not limited to, Dairy Queen and Krystal restaurants.

40.

Plaintiff performed work on behalf of Rescom in several States including, but not limited to, Georgia, Louisiana, and Alabama.

41.

Defendants controlled the time, method and manner of the work performed by Plaintiff.

42.

Plaintiff did not have the ability to hire helpers or to otherwise affect his economic circumstances by working more efficiently.

43.

At all times relevant, Plaintiff was economically dependent on Defendants for his financial wellbeing.

44.

Plaintiff was not an independent contractor.

45.

At all times material hereto, Rescom required Plaintiff to utilize his personal vehicle to transport certain materials or tools to job sites.

46.

On one occasion, Defendant required Plaintiff to transport other employees to a job site.

47.

At all times relevant, Plaintiff's main duties included driving materials and/or tools to job sites and remodeling commercial businesses.

48.

At all times material, Plaintiff performed tasks including, but not limited to, roofing, hanging sheet rock, painting, framing, tiling, and hanging siding.

49.

At all times relevant, Defendants provided the materials and major tools necessary to complete job tasks.

50.

Upon hiring Plaintiff, Defendants told Plaintiff that he would be paid an hourly wage, gas and mileage for utilizing his personal vehicle on Defendants' behalf.

51.

Defendants failed to compensate Plaintiff at all for mileage.

52.

At all times relevant hereto, Plaintiff regularly worked at job sites from approximately 7:00 a.m. until 5:30 p.m.

53.

At all times relevant hereto, Plaintiff regularly worked at job sites approximately 10-12 hours per day.

54.

At all times relevant hereto, work assignments lasted between 1 week and 4 weeks.

55.

At all times relevant hereto, Defendants required Plaintiff to stay near job locations until assignments were completed.

56.

At all times relevant, Plaintiff was regularly required to travel several hours to and from job locations.

57.

At all times relevant, Plaintiff was regularly required to travel several hours to and from job locations using his own vehicle.

58.

Defendants compensated Plaintiff at an hourly rate for each hour worked.

59.

Defendants compensated Plaintiff at $18.00 per hour for each hour that he worked.

60.

Defendants failed to compensate Plaintiff at time and a half for each hour he worked in excess of 40 hours during each work week.

61.

On or about July 13, 2015 while waiting for his next job assignment, Plaintiff asked Defendants to be compensated for overtime and the unpaid mileage he was owed.

62.

On or about July 13, 2015, in response to Plaintiff inquiring about unpaid overtime and mileage, Defendant Streifert told Plaintiff that if he continued asking, he would report Plaintiff to the IRS and to immigration authorities despite the fact that Plaintiff is authorized to work in the United States.

63.

Defendants failed to contact Plaintiff for any further assignments, effectively terminating his employment.

### COUNT I — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

64.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

65.

At all times material hereto, Gamon was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

66.

During his employment with Defendants, Gamon regularly worked in excess of forty (40) hours each week.

67.

Defendants paid Gamon straight pay for all hours worked.

68.

Defendants failed to pay Gamon at one and one half times his regular rate for work in excess of forty (40) hours in any week from November 2014 through July 3, 2015.

69.

Defendants willfully failed to pay Gamon at one and one half times his regular rate for work in excess of forty (40) hours in any week from November 2014 through July 3, 2015.

70.

Gamon is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

71.

As a result of the underpayment of overtime compensation as alleged above, Gamon is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

72.

As a result of the underpayment of overtime compensation as alleged above, Gamon is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – ILLEGAL RETALIATION AS TO ALL DEFENDANTS

73.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

74.

On or about July 13, 2015, Gamon had a conversation with Streifert in which he complained that he had not paid overtime properly and was entitled to backpay.

75.

Gamon's request to be paid overtime and back wages constitute protected activity within the meaning of the FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3).

76.

In July 2015, in retaliation for Gamon's protected activities, Defendants failed to assign any more work to Gamon effectively terminating his employment, in violation of FLSA§ 15(a)(3), 29 U.S.C. § 215(a)(3).

77.

As a direct and foreseeable result of Defendants unlawful retaliation, Gamon has suffered loss of employment, loss of income, loss of retirement and healthcare benefits in an amount to be proven at trial.

78.

Gamon is entitled to liquidated damages in addition to the damages set forth in Paragraph 73, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b), because Defendants have willfully and repeatedly violated the FLSA.

79.

Defendants are indebted to Gamon for his costs of litigation, including his reasonable attorneys' fees, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

## COUNT III - BREACH OF CONTRACT AS TO DEFENDANT RESCOM

80.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

81.

Gamon and Rescom were parties to a contract of employment (hereafter "the Contract") from on or about November 2014 through July 3, 2015.

82.

The Contract provided that Rescom would pay Gamon mileage for travel to and from and between jobs by Gamon on behalf of and for the benefit of Defendants.

83.

Defendant's failure to pay Gamon mileage from on or about November 2014 through July 3, 2015 constitutes a material breach of the Contract.

84.

As the direct and foreseeable result of this breach, Gamon has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT IV – QUANTUM MERUIT AS TO DEFENDANT RESCOM

85.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

86.

From on or about November 2014 through July 3, 2015, Gamon served as a lead man and laborer for Defendants.

87.

Gamon's service as a lead man and laborer for Rescom as described above was valuable to Defendants.

88.

Rescom requested Gamon's service as a lead man and laborer.

89.

Rescom knowingly accepted Gamon's service as a lead man and laborer.

90.

The receipt of Gamon's services as a lead man and laborer for Rescom without full compensation would be unjust.

91.

Gamon expected to be compensated for mileage at the time he provided his services as a lead man and laborer.

92.

Gamon is entitled to a recover from Rescom the reasonable value of the mileage he drove for Defendants, in an amount to be determined at trial.

## COUNT V - PROMISSORY ESTOPPEL AS TO DEFENDANT RESCOM

93.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

94.

On November 2014, Rescom promised to pay Gamon n hourly wage plus gas and mileage in return for Plaintiff's service as a lead man and laborer for them.

95.

Rescom should have reasonably expected that Gamon would induce action in reliance of said promise, i.e., serve as a lead man and laborer for Defendants.

96.

Rescom's promise induced Gamon to act in reliance thereof, i.e., to serve as a lead man and laborer for Defendants, to his detriment.

97.

Gamon's service as a lead man and laborer for Rescom conferred a benefit on Defendants.

98.

Rescom failed to pay Gamon in accordance with their promise.

99.

Gamon relied on Defendant's promise.

100.

Gamon's reliance on Defendant's promise was reasonable.

101.

Injustice can only be avoided by enforcement of Defendants' promise.

102.

Gamon is entitled to a recover from Rescom the reasonable value of the mileage he drove as a lead man and laborer for Defendants, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded compensatory damages including lost wages and retirement and healthcare against the Defendants jointly and severally in an amount to be determined at trial; plus an additional like amount in liquidated damages, plus Plaintiff s reasonable attorney's fees and costs;

4. That the Court order the reinstatement of Plaintiff to his former position or provide Plaintiff front pay in lieu of reinstatement;

5. That Plaintiff have and recover judgment against Defendants for the pendent State claims herein asserted in amounts to be proved at trial;

6. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/ MICHAEL A. CALDWELL
MICHAEL A. CALDWELL
GA. BAR NO. 102775

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

COUNSEL FOR PLAINTIFF