**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this 16th day of September, 2016 between LEOPOLDO REA GAMON ("Plaintiff") and RESCOM OF GEORGIA, LLC and MARK STREIFERT (collectively, "Defendants").

### RECITALS

WHEREAS, Plaintiff filed suit against Defendants on October 2, 2015 in U.S. District Court for the Northern District of Georgia, in a case captioned *LEOPOLDO REA GAMON v. RESCOM OF GEORGIA, LLC and MARK STREIFERT*; Civil Action No. 1:15-cv-03514-WCO ("the Action");

WHEREAS, Plaintiff alleged breach of contract, quantum meruit, promissory estoppel claims and Fair Labor Standards Act ("FLSA") violations against Defendants;

WHEREAS, Defendants deny any FLSA violations, breach of contract, quantum meruit or promissory estoppel claims;

WHEREAS, the Parties desire to settle the Action, pending the Court's approval; and

WHEREAS, the Parties jointly seek the Court's approval of this Agreement;

NOW, THEREFORE, for and in consideration of the mutual covenants, agreements, and undertakings set forth in this Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties, on behalf of themselves, their heirs, representatives, attorneys, insurers, respective officers, directors, shareholders, agents, employees, successors, and assigns, agree as follows:

1. **Settlement Amount.** Defendants shall pay Plaintiff the total sum of Twenty-One Thousand Four Hundred Ninety-Nine and 99/100 Dollars ($21,499.99)

("Settlement Amount").

**2.** **Payment of Settlement Amount.** Defendants shall pay Plaintiff the Settlement Amount as follows:

- A) Defendants shall pay the first payment in the amount of Ten Thousand Dollars ($10,000.00) within seven days of the Court's approval of this Agreement ("First Payment"). The First Payment shall be payable in three (3) separate checks as follows:

    i) $2,405.48 made payable to Plaintiff for reimbursement of mileage;

    ii) $4,761.18 made payable to Plaintiff for back pay and liquidated damages ($2,380.59 represents the back pay and $2,380.59 represents liquidated damages); and

    iii) $2,833.34 made payable to Michael A. Caldwell, Attorney (who will provide an IRS Form W-9 on request) as attorneys' fees.

- B) Thirty (30) days following Defendants' First Payment, Defendants shall pay the Settlement Amount remainder in the amount of $11,499.99 in four (4) monthly installments made payable to Michael A. Caldwell, Attorney as attorneys' fees as follows:

    i) Month 1: $2,874.99

    ii) Month 2: $2,874.99

    iii) Month 3: $2,874.99

    iv) Month 4: $2,875.02

All checks shall be delivered to Plaintiff's counsel as outlined above to the following address:

Michael A. Caldwell, Esq.
Charles R. Bridgers, Esq.
DELONG CALDWELL BRIDGERS FITZPATRICK & Benjamin, LLC
3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303

3. **Taxes**. Plaintiff acknowledges and agrees that he is individually responsible for the payment of any and all federal, state and/or local taxes, if any, that may be due and owing by him to any revenue agency and that are or may be owed as taxes or other withholdings with respect to monies paid hereunder. Plaintiff represents that he is not relying in any way upon Defendants in this regard.

4. **Dismissal**. Within five (5) days of receipt the Settlement Agreement, Plaintiffs agree to direct the court to administratively close this Action. Once Defendants have paid the entire Settlement Amount in accordance with the terms of this Settlement Agreement, Plaintiff shall file with the Court a dismissal with prejudice, dismissing this case in its entirety ("Dismissal with Prejudice").

5. **Plaintiff's Waiver of Employment Rights**. Plaintiff agrees to waive any employment rights with any of the Defendants that Plaintiff might otherwise have now or in the future, including reinstatement or reemployment. Plaintiff agrees not to apply for employment with the Defendants or with any of its affiliates, divisions, subsidiaries, or successors, at any time in the future.

6. **Plaintiff's Release**. Subject to Court approval of this Agreement and timely receipt of the Settlement Amount, Plaintiff, for himself, and for any of his past, present and future agents, successors, heirs, representatives, executors, attorneys, insurers and assigns, and all others acting by, through, or in concert with them, hereby release, acquit and forever discharge the Defendants of and from any claims, demands, suits,

charges, proceedings, causes of action, liability, or damages that Plaintiff might have against one or both of Defendants, whether currently known to Plaintiff or not. This waiver and release includes, but is not limited to, all damages, costs, expenses, actions, causes of action, suits of liability, and controversies of any and every kind and description whatsoever, whether at law or equity, under statute, in contract, or in tort, suspected or unsuspected, known or unknown—without exception or reservation, now existing or which may accrue later, including any and all claims asserted or which could have been asserted in any lawsuit, on account of and in any manner arising out of or related to the Action or Plaintiff's employment or business relationship with Defendants. Without limiting the foregoing in any way, such release includes, but is not limited to, any claims for breach of contract, quantum meruit, promissory estoppel, FLSA violations, unlawful retaliation, litigation costs, attorneys' fees, or interest; and any claims for compensation, wages, severance, bonuses, monetary or equitable relief or other damages of any kind, paid time off, or other employee fringe benefits. Notwithstanding the foregoing, the Defendants are not released from any claims of a breach of this Agreement.

7.    **Defendants' Release**. Upon the Court's entry of an Order approving this Agreement and the filing of the Dismissal with Prejudice described in Paragraph 4, the Defendants, for themselves, and for any of their past, present and future agents, successors, heirs, representatives, executors, attorneys, insurers and assigns, and all others acting by, through, or in concert with them, hereby release, acquit and forever discharge Plaintiff of and from any claims, demands, suits, charges, proceedings, causes of action, liability, or damages that either of the Defendants might have against Plaintiff,

whether currently known to the Defendants or not. This waiver and release includes, but is not limited to, all damages, costs, expenses, actions, causes of action, suits of liability, and controversies of any and every kind and description whatsoever, whether at law or equity, under statute, in contract, or in tort, suspected or unsuspected, known or unknown—without exception or reservation, now existing or which may accrue later, including any and all claims asserted or which could have been asserted in any lawsuit, on account of and in any manner arising out of or related to the Action or Plaintiff's employment with Defendants. Notwithstanding the foregoing, Plaintiff is not released from any claims of a breach of this Agreement.

8. **Court Retains Jurisdiction to Enforce Settlement Agreement.** The Parties agree that the United States District Court for the Northern District of Georgia shall retain jurisdiction to enforce any provision contained in this Agreement. Except as required by law, this Agreement may not be introduced as evidence in any legal proceeding against Plaintiff or Defendants, or otherwise be used to establish any fact or admission by Plaintiff or Defendants, and the Parties covenant not to introduce this Agreement in any legal proceeding for any purpose whatsoever; provided, however, that the Parties may introduce this Agreement into evidence solely for the purpose of enforcing its terms.

9. **Assistance to the Court.** Because this Action arises under the Fair Labor Standards Act, the Parties acknowledge that this Agreement must be approved by the Court. The Parties and their Counsel agree to work together to assist the Court to obtain approval of this Agreement.

10. **Mutual Non-Disparagement.** The Parties agree that, unless otherwise required by law, neither the Plaintiff nor Defendants will make any disparaging statement or representation, whether directly or indirectly, orally or in writing, to any person, entity, or authority whatsoever, about any other party to this Agreement or any of Defendants' current or former parents, subsidiaries, affiliates, or any of their respective directors, officers, employees or agents. For purposes of this Paragraph, a disparaging statement or representation is any communication which, if publicized to another, would reasonably cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, or good character of the person or entity to whom the communication relates, or which has the purpose or effect of maligning, impugning, or causing harm to the subject party. In any action to enforce this non-disparagement term, the prevailing party shall be entitled to an award of reasonable attorney fees and costs.

11. **Legal Consultation.** The Parties acknowledge that each has consulted an attorney, to the extent desired, to seek legal advice about this Agreement.

12. **Neutral Construction of Agreement.** Each party acknowledges that it has had the opportunity to negotiate modifications to the contents of this Agreement. Accordingly, each party agrees that in any dispute regarding the interpretation or construction of this Agreement, no presumption will be made in favor of or against either party by virtue of its role or lack thereof in drafting the terms and conditions set forth in this Agreement as this Agreement was mutually drafted.

13. **No Admission of Liability.** The Parties acknowledge and agree that this Agreement is intended to compromise disputed claims and that the Parties do not admit or acknowledge any liability to any other party. The Parties further understand and agree

that this Agreement is entered into without prejudice; that it shall not constitute precedent; that it is not intended to be, nor shall it be construed as, an interpretation of any contract or transaction; and that it shall not be used as evidence in any court or dispute resolution proceeding regarding any claims between the Parties, other than with respect to enforcement of this Agreement.

**14.    Non-Assignment of Claims.** Plaintiff represents, understanding the materiality of this representation, and warrants that he has not conveyed, transferred, pledged, hypothecated, or in any manner whatsoever assigned or encumbered any of the rights, demands, suits, judgments, actions or causes of action released herein.

**15.    Severability.** If any part of this Agreement is for any reason held to be unenforceable, the rest of it remains fully enforceable.

**16.    Governing Law.** The Parties agree and stipulate that this Agreement shall be exclusively interpreted, governed, and construed under the laws of the State of Georgia.

**17.    Previous Agreements.** This Agreement shall fully and completely supersede and replace any other Agreement that exists between or among the Parties related to this Action.

**18.    Counterparts.** This Agreement may be executed in any number of counterparts, which counterparts considered together shall constitute a single, binding, valid, and enforceable Agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes. Signatures of the parties

transmitted by facsimile or by electronic mail as a .pdf file shall be deemed to be their original signatures for all purposes.

**IN WITNESS WHEREOF**, the parties, intending to be legally bound, have caused this Agreement to be executed.

_____        _____
Witness                                                         LEOPOLDO REA GAMON


_____        RESCOM OF GEORGIA, LLC
Witness                                                         By: _____
                                                                            Title: _____

_____        _____
Witness                                                         MARK STREIFERT